IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: } | | |
| } | Case No. | 12-80453-JAC-7 |
| Timothy Michael Gautney and } | | |
| Martha A. Gautney, } | | |
| } | Chapter | 7 |
| Debtors, } | | |
| } | | |
| } | | |
| Aliant Bank, a division of US AmeriBank, } | | |
| } | ADVERSARY PROCEEDING | |
| Plaintiff, } | | |
| } | | |
| v. } | Case No: | 12-80071-JAC-7 |
| } | | |
| Timothy Michael Gautney and } | | |
| Martha A. Gautney, } | | |
| } | | |
| Defendants. } | | |

# MEMORANDUM OPINION

This matter came before Court on Monday, January 28, 2013 on a *Motion for Partial Summary Judgment* filed by Creditor/Plaintiff **Aliant Bank** (the "**Plaintiff**"). Plaintiff sought an Order entering a summary judgment on Count One of its *Complaint to Determine Dischargeability of Debt and Objection to Discharge* filed against the Debtors/Defendants **Timothy Michael Gautney** and **Martha A. Gautney** (the "**Debtors**"). In Count One of its Complaint Plaintiff claimed that the Debtors committed "willful and malicious injury" to property and that pursuant to 11 U.S.C. § 523 (a)(6) that portion of the debt owed was non-dischargeable.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to judgment as a matter of law.'"[1] "The party moving for summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the movant has met its initial burden, the non-movant must then designate, by documentary evidence, specific facts showing the existence of a genuine issue for trial. *Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 593–94 (11th Cir.1995)."[2] In reviewing a motion for summary judgment, the court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."[3] However, the party opposing summary judgment "may not rely on allegations or denials in its own pleadings to defeat summary judgment. *See, e.g., Matsushita Elec. Indus.,* 475 U.S. at 586; *Brinson v. Raytheon Co.,* 571 F.3d 1348, 1350–51 (11th Cir. 2009)."[4] While both parties did an excellent job in thoroughly briefing the issues before the Court, only the Plaintiff supported its claims with an Affidavit and authenticated exhibits. The Court accepts these as the undisputed facts of the case.

In October of 2005 the Debtors signed a Fixed/Adjustable Rate Note with Plaintiff to finance the construction and purchase of their $1.6 million personal residence located on Lake Heather in Shelby County, Alabama. The Note was secured with a Mortgage on the property. In addition to the real estate and house the Mortgage specifically also included all improvements, appurtenances and fixtures then existing or thereafter erected or attached. The Debtors eventually defaulted under the Note and Plaintiff purchased the mortgaged property at foreclosure.

---

[1]   *Gray v. Manklow (In re Optical Techs., Inc.),* 246 F.3d 1332, 1334 (11th Cir. 2001).

[2]   *American Univ. of the Caribbean, N.V. v. Caritas Healthcare, Inc.*, 2012 WL 2383021, *4 (11th Cir. 2012).

[3]   *In re Optical Techs., Inc.,* 246 F.3d at 1334.

[4]   *American Univ. of the Caribbean, N.V. v. Caritas Healthcare, Inc.*, 2012 WL 2383021 at *4.

The Debtors subsequently failed and/or refused to vacate the property after demand and continued to withhold possession until the Plaintiff was judicially awarded possession several months later pursuant to a suit for ejectment. An inspection of the property immediately after taking possession revealed that during the Debtors' unlawful retention of the premises, they had systematically removed a great number of fixtures from the property, including four (4) imported Swarovski crystal chandeliers, several built-in appliances, sinks and vanities, mirrors, towel racks, shelving, light sconces and all manner of light fixtures and ceiling fans throughout the home. A complete list of the items taken was attached to the Affidavit of Ray Henderson submitted in support of the Plaintiff's Motion.

Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."[5] The Supreme Court held in *Kawaauhau v. Geiger (In re Geiger)*, 523 U.S. 57 (1998) that the word "willful" modifies the word "injury" indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. The Eleventh Circuit has held that "a debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury."[6] For purposes of § 523(a)(6), an "act is willful when the debtor intends to inflict the injury or knew that the injury was substantially certain to result."[7]

---

[5] 11 U.S.C. § 523(a)(6).

[6] *Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 547, 548 (11th Cir. 2008)(*quoting In re Walker,* 48 F.3d 1161, 1165 (11th Cir. 1995)). *See also Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329 (11th Cir. 2012)(finding a judgment creditor's property was injured willfully and maliciously when a Chapter 7 debtor conspired with another defendant to fraudulently transfer unencumbered property to a third-party).

[7] *Citik Ka Wah Bank Ltd. New York v. Wong (In re Wong)*, 291 B.R. 266, 280 (Bankr. S.D.N.Y. 2003).

The Eleventh Circuit has explained on more than one occasion that "special malice" or "a showing of specific intent to harm another" need not be proven for purposes of § 523(a)(6).[8] Instead, "[c]onstructive malice or implied malice can be found if the nature of the act itself implies a sufficient degree of malice."[9] "Malice can be implied when a debtor commits an act that is 'wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will'"[10]

"Willful and malicious injury includes willful and malicious conversion, which is the unauthorized exercise of ownership over goods belonging to another to the exclusion of the owner's rights."[11] Thus, conversion of another's property, without his knowledge or consent, done intentionally and without justification or excuse, is a willful and malicious injury within the meaning of § 523(a)(6).[12] However, as explained by the Supreme Court in *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332 (1934), "a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances." In *Davis,* the debtor borrowed money from the creditor in order to sell cars. He then sold a car without the creditor's written consent which was needed according to the parties' agreement. Instead of repaying the amount owed as required by the agreement, the debtor filed bankruptcy. The

---

[8] *Lee v. Ikner (In re Ikner)*, 883 F.2d 986, 991 (11th Cir. 1989); *See also Maxfield v. Jennings (In re Jennings)*, 670 F.3d 1329, 1334 (11th Cir. 2012); *Hope v. Walker (In re Walker)*, 48 F.3d 1161, 1164 (11th Cir. 1995).

[9] *In re Ikner*, 883 F.2d 986, 991 (11th Cir. 1989).

[10] *Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 547, 548 (11th Cir. 2008)(*quoting In re Ikner*, 883 F.2d 986, 991 (11th Cir. 1989)).

[11] *In re Wolfson*, 56 F.3d 52, 54 (11th Cir.1995).

[12] *In re Johnson*, 301 B.R. 590 at 598 (Bkrtcy.N.D.Ala.2003).

Supreme Court held that the sale, although a conversion, did not constitute willful and malicious injury to the creditor because no aggravating circumstances existed.

In this case, the Court finds that there are sufficient aggravating circumstances to support a finding of willful and malicious conversion. The items identified as having been removed from the home were fixtures attached to the property and therefore were subject to the Plaintiff's Mortgage. The Debtors had no right to take them. The Debtors committed a wrongful and intentional act when they removed without permission these items. These wrongful acts proximately caused damages to the Plaintiff by diminishing the value of its property and causing it to incur additional costs and expenses to restore the property to the condition it was in prior to the removal. Ray Henderson testified in his Affidavit that he consulted several stores regarding the replacement value of the fixtures taken and the damages were determined to be **$178,199.50**.

The Court finds it implicit from the undisputed facts that the Debtors acted with the intent to do damage to the Plaintiff without just cause or excuse. Intent can be inferred from the totality of the circumstances since "the debtor is unlikely to admit fraudulent intent."[13] The Debtors are highly educated, sophisticated and intelligent people. Between the two of them they had started over sixteen (16) different businesses and at one time their joint net worth was in excess of $4.9 million. They intentionally withheld possession of the home after foreclosure so that they could use the time to remove fixtures that belonged to the Plaintiff and convert them to their own use and purposes. They knew from the Mortgage that they were not entitled to take such items from the home and yet still chose to do so. This unlawful removal was intentional, without the Plaintiff's knowledge or consent, and without any justification or excuse. The Court further finds that the Debtors were clearly aware that these acts violated the Plaintiff's

---

[13] *In re Johnson,* 301 B.R. at 597.

property rights and that the nature of the acts committed by the debtors imply a sufficient degree of malice for purposes of § 523(a)(6).[14]

A separate order will be entered consistent with this opinion.

**Done and Ordered this day January 31, 2013**

**/s/ Jack Caddell**
**Jack Caddell**
**U.S. Bankruptcy Judge**

---

[14] *Automotive Fin. Corp. v. Penton (In re Penton)*, 299 B.R 701, 705 (Bankr. S.D. Ga. 2003)(explaining that an officer of a corporation acts 'maliciously' if he is aware that his actions "violate the property rights of another.")